ELEONORE K. KLINGENBECK and Another, Landlords, Appellants, v. EDWARD WARREN YOUNG, Tenant, Respondent.

(Supreme Court, Appellate Term, First Department, December, 1920, Term — filed January, 1921.)

Landlord and tenant — summary proceedings — objectionable tenant — when dismissal of petition is error — no appeal unless a final order is entered.

Upon the trial of a summary proceeding instituted October 6, 1920, against a holdover tenant of an apartment, alleged to be objectionable, the landlord produced as witnesses several

Appellate Term, First Department, January, 1921.  [Vol. 114.

occupants of apartments in the same and adjoining house, who testified to conduct on the part of defendant sufficient to sustain the specifications in the petition of the alleged objection able nature of his occupancy, but none of them could testify, as alleged in the petition, that any refuse was thrown from the windows of the tenant's apartment or that any piano therein was unreasonably used after June, 1920. *Held,* that the dismissal of the petition upon the ground that under the statute (Laws of 1920, chap. 942) the proceeding could be maintained only if the tenant was doing objectionable things at the time the proceeding was instituted, was error, for the reason that the trial judge had no right to take the case from the jury because of the absence of evidence that the objectionable acts had continued over the summer.

Where no final order has been entered in a summary proceeding, an appeal from a dismissal of the landlord's petition must be dismissed.

APPEAL from a judgment of the Municipal Court of the city of New York, borough of Manhattan, seventh district, dismissing the petition of the landlords to recover possession of a certain apartment.

Brussel & Beebe (E. Walter Beebe, of counsel), for appellant.

Edwards, O'Loughlin & George (David G. George, of counsel), for respondent.

*Per Curiam.* On the 6th day of October, 1920, the landlords brought a summary proceeding against the tenant, alleging that the tenant holds over and occupies premises after the expiration of his term, and that the tenant so holding over is objectionable, that he has caused and permitted to be thrown from the window of his apartment during his occupancy dirt and refuse taken from the said apartment, and that in addition the tenant has caused or permitted the use of a piano in such a way " by long hours of continuous

drumming and playing to annoy and become a nuisance to the other tenants occupying other parts of the building in which the demised premises are located.'' At the trial the landlords produced as witnesses several occupants of apartments in the same and the adjoining house who testified to conduct on the part of the defendant sufficient to sustain the specifications in the petition of the alleged objectionable nature of the tenant's occupancy, but none of the witnesses could testify that any refuse was thrown from the windows of tenant's apartment or that any piano in that apartment was unreasonably used after the month of June, 1920. The trial judge thereupon dismissed the landlords' petition, stating that under chapter 942 of the Laws of 1920 the landlord can maintain summary proceedings against a tenant who is holding over only '' if this tenant is doing things that are objectionable at the time of the commencement of the proceedings.'' We have no doubt that the interpretation of the statute of the trial justice is too narrow. The statute requires the landlord to establish '' that the person holding over is objectionable,'' but that fact may naturally be established by evidence of conduct at some previous time. Subsequent discontinuance of the objectionable acts and remoteness of the time when they were performed are undoubtedly factors to be considered by the jury in regard to the weight to be given to the testimony, but the trial judge had no right to withdraw the case from the jury merely because there was no evidence that the objectionable acts had continued over the summer.

The record shows that the trial judge granted the tenant's motion to dismiss the petition, but no appeal lies from a dismissal of the petition until a final order has been entered thereon. The record in this case does not show that any final order was ever entered. The

.paper in the record denominated "judgment or verdict" has none of the characteristics of a final order or judgment, and must be regarded as a mere nullity. The appeal must, therefore, be dismissed without costs to either party.

Present: Guy, Lehman and Wagner, JJ.

Appeal dismissed, without costs to either party.